UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CURT MUNSTERMAN, ET AL.                CIVIL ACTION

VERSUS                                 NO: 06-8722

STATE FARM FIRE & CASUALTY             SECTION: "A" (3)
CO.

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by plaintiffs Curt and Pamela Munsterman ("Plaintiffs").  Defendant State Farm Fire & Casualty Co. ("State Farm") opposes the motion.  The motion, set for hearing on December 13, 2006, is before the Court on the briefs without oral argument.  For the reasons that follow the motion is **DENIED**.

**I.   BACKGROUND**

Plaintiffs, Louisiana citizens, initiated this suit in state court against State Farm, Chad Skeeles, Adrian Gordon, and Kerry Babin.  Skeeles, Gordon, and Babin are insurance adjusters and are alleged to "live in Louisiana."  Plaintiffs' property in Buras, Louisiana was damaged during Hurricane Katrina.  Plaintiffs claim that Louisiana's Valued Policy Law entitles them to their homeowner's policy limits. (Pet. ¶ IV).  State Farm has taken the position that flood waters damaged the property as opposed to wind and rain.  Plaintiffs assert that the three adjusters are

personally liable for failing to properly adjust the claim. (Pet. ¶ XIII). Plaintiffs claim that these adjusters acted arbitrarily and capriciously in approving payments for other State Farm customers while nevertheless denying their claim without a basis in law. (Pet. ¶ XIV).

State Farm removed the case asserting that Plaintiffs added the adjusters to this suit solely to defeat federal jurisdiction because the petition does not state a claim against them under Louisiana law. State Farm alleges jurisdiction pursuant to the Multiparty, Multiforum Trial Jurisdiction Act ("MMTJA").[1]

Plaintiffs move to remand the suit to state court. Plaintiffs argue that they have not improperly joined the insurance adjusters because there is a reasonable basis to predict that state law would impose liability under the facts alleged.

## II. DISCUSSION

Fraudulent or improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003) (citing Griggs v. State Farm Lloyds, 181

---

[1] The MMTJA does not provide a basis for State Farm to remove this suit. See Berry v. Allstate, No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Case v. ANPAC La. Ins. Co., No. 06-7390, Rec. Doc. 20, Dec. 11, 2006 (Duval, J.).

F.3d 694, 698 (5th Cir. 1999)). The standards for resolving a Rule 12(b)(6) challenge and determining improper joinder are similar. Ross v. Citifinancial, Inc., 344 F.3d 458, 462 (5th Cir. 2003) (citing Travis, 326 F.3d at 648). However, the scope of inquiry for fraudulent joinder is broader than that for Rule 12(b)(6) because for an improper joinder analysis the court's review is not limited to the pleadings. See id. at 462-63. Rather, the court may "pierce the pleadings" and consider summary judgment-type evidence. Id. at 463 (citing Travis, 326 F.3d at 648-49).

As previously recognized by Judge Duval of this Court, under Louisiana law there is generally no cause of action against an insurance adjuster for processing and handling of an insurance claim. Edwards v. Allstate Prop. & Cas. Co., No. 04-2434, 2005 WL 2211560, at *3 (E.D. La. Jan. 27, 2005). However, an adjuster can be liable under certain circumstances where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information. Id.

Under the facts alleged Plaintiffs have no reasonable possibility of recovery against Skeeles, Gordon, and Babin under Louisiana law. The adjusters cannot be held individually liable to Plaintiffs on the ground that the insurance company paid the claims of other insureds who Plaintiffs allege were similarly situated.

3

The petition contains no factual allegations to suggest that the adjusters committed fraud or that Plaintiffs relied to their detriment upon untruthful information that the adjusters knowingly passed on to Plaintiffs.

In sum, Plaintiffs have no possibility of recovering against Skeeles, Gordon, and Babin in state court.  Their citizenship is therefore ignored for purposes of determining subject matter jurisdiction.  Because the remaining parties are completely diverse and the amount in controversy exceeds $75,000, the Court can exercise subject matter jurisdiction over this matter.  The case was properly removed.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by plaintiffs Curt and Pamela Munsterman should be and is hereby **DENIED**.

January 3, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE